```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS


    UNITED STATES OF AMERICA,            )
                                         )
              Plaintiff                  )
                                         )
         -VS-                            )  Criminal No. 15-10076-ADB
                                         )
    WILLIAM FACTEAU and                  )
    PATRICK FABIAN,                      )
                                         )
              Defendants                 )
```

**JURY INSTRUCTIONS PART I**
**July 13, 2016**

BEFORE THE HONORABLE ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

United States District Court
1 Courthouse Way, Courtroom 17
Boston, Massachusetts  02210

KELLY MORTELLITE, RMR, CRR
OFFICIAL COURT REPORTER
United States District Court
1 Courthouse Way, Room 5200
Boston, MA  02210

```
 1   A P P E A R A N C E S:

 2        SARA MIRON BLOOM, ESQ., WILLIAM D. WEINREB, ESQ., and
     PATRICK M. CALLAHAN, ESQ., Assistant United States Attorneys,
 3   Office of the United States Attorney, 1 Courthouse Way,
     Room 9200, Boston, Massachusetts, 02210, for the Plaintiff.
 4
          RAQUEL TOLEDO, ESQ., United States Department of Justice,
 5   450 Fifth Street, NW, Washington, D.C., 20001, for the
     Plaintiff.
 6
          LEO CUNNINGHAM, ESQ., Wilson Sonsini Goodrich & Rosati, PC,
 7   650 Page Mill Road, Palo Alto, California, 94304, for Defendant
     William Facteau.
 8
          REID H. WEINGARTEN, ESQ., WILLIAM T. HASSLER, ESQ.,
 9   JESSICA L. URBAN, and SHAWN P. DAVISSON, ESQ.,
     Steptoe & Johnson, LLP, 1330 Connecticut Avenue, NW,
10   Washington, D.C., 20036, for Defendant William Facteau.

11        MICHAEL J. PINEAULT, ESQ., Clements & Pineault, LLP,
     24 Federal Street, Boston, Massachusetts, 02110, for
12   Defendant William Facteau.

13        FRANK A. LIBBY, JR., ESQ., KRISTEN A. KEARNEY, ESQ.,
     DANIEL C. LAPENTA, ESQ., and BRIAN J. SULLIVAN, ESQ.,
14   LibbyHoopes, P.C., 399 Boylston Street, Suite 200, Boston,
     Massachusetts, 02116, for Defendant Patrick Fabian.
15

16

17

18

19

20

21

22

23

24

25
```

```
                     P R O C E E D I N G S
                     * * * * * * * * * *
         THE COURT:  So everybody has now rested.  The
presentation of evidence is over.  We have closing arguments
left.  We're splitting them up over two days.  You have two
long days coming up, but critically important days from the
perspective of the government and the defendants.  Although the
closing arguments are not evidence, it's their last opportunity
to address you, and it's important to them.
         So in an effort both to make your days a little bit
shorter and to make sure you are completely fresh when you're
hearing their closing arguments, I'm going to start my closing
instructions now.  And that really is the idea of it, is to
give you some information now but to let you start fresh with
closing arguments tomorrow rather than listening to me.  My
closing instructions come in two parts.  They're sort of
general instructions, which I'm going to give you now, and then
there's the actual law on the specific charges in the
indictment that I would give you at the end of the closing
arguments.
         So I'm going to do that now.  You will have a written
copy of these instructions in the jury room with you.  We'll
make enough copies for all of you.  Sort of the quid pro quo on
that, because I'm giving you a written copy, I have to
basically read it to make sure that what I give you in the jury
```

1  room and what I deliver to you in the courtroom is the same.
2  So I'm going to start that now.  Then you'll be released for
3  the day.  Our plan is to start at 10:00 tomorrow morning and at
4  9:00 on Friday morning.  Those times are in many ways designed
5  so there's no interruptions during the closings.  The closings
6  won't be interrupted by a lunch break or anything like that.
7  There may be a break in between closings, but you'll basically
8  hear each closing as a single unit.  So 10:00 tomorrow and 9:00
9  on Friday.
02:57 10         My preliminary instructions.  It is your duty as
11  jurors to find the facts from the evidence admitted in this
12  case.  You will then apply the law as I give it to you to the
13  facts as you find them.  You must follow the law as I explain
14  it to you, whether you agree with that law or not.  Regardless
15  of any opinion you may have as to what the law should be, it
16  would violate your sworn duty as a juror in this case to base a
17  verdict on any view of the law other than that given in my
18  instructions.  You must decide the case solely on the evidence
19  before you and according to the law.
02:58 20         Counsel and witnesses may have quite properly referred
21  to some of the applicable rules of law in the course of trial.
22  There has been evidence as to what witnesses and other persons
23  communicated about the law and its requirements.  If however
24  any difference appears to you between the law as stated by
25  counsel or witnesses or otherwise reflected in the exhibits and

the law as stated by the Court, you are to be governed by the instructions given to you by the Court.

In following my instructions you must follow all of them and not single out some and ignore others. They are all important.

You must not interpret these instruction or anything I may have said or done as a suggestion by me as to what verdict you should return. That is a matter entirely for you to decide.

Every person accused of a crime is presumed to be innocent unless and until his guilt is proved beyond a reasonable doubt. The presumption is not a mere formality. It is a fundamental principle of our system of justice.

The presumption of innocence means the burden of proof is always on the government to prove that a defendant is guilty of the crimes with which he is charged beyond a reasonable doubt.

This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt. A defendant does not have to prove that he is innocent or even present any evidence.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of the defendant. You may not convict a defendant of any crime

1  charged against him if the government fails or is unable to
2  prove every element of that crime beyond a reasonable doubt.
3            A reasonable doubt is a doubt that a reasonable person
4  has after carefully weighing all of the evidence.  It is a
5  doubt that would cause a reasonable person to hesitate to act
6  in a matter of importance in his or her personal life.  Proof
7  beyond a reasonable doubt must, therefore, be proof of a
8  convincing character that a reasonable person would not
9  hesitate to rely upon in making an important decision.  A
10 reasonable doubt may arise not only from the evidence produced,
11 by also from a lack of evidence.  Reasonable doubt exists when,
12 after weighing and considering all the evidence, using reason
13 and common sense, the jurors cannot say that they have a
14 settled conviction of the truth of the charge.
15           You may not convict a defendant based on speculation
16 or conjecture.
17           You may not convict a defendant if you decide that it
18 is equally likely that he is guilty or not guilty.  If you
19 decide that the evidence would reasonably permit either of two
20 conclusions, either that he is guilty of charged, or that he is
21 not guilty, you must find the defendant not guilty.
22           You may not convict a defendant if you decide it is
23 only probable, or even strongly probably, that he is guilty.  A
24 mere probability of guilt is not guilt beyond a reasonable
25 doubt.

1           The law does not require that the government prove
2    guilt beyond all possible doubt; proof beyond a reasonable
3    doubt is sufficient to convict.  There are very few things in
4    this world that we know with absolute certainty, and in
5    criminal cases the law does not require proof that overcomes
6    every possible doubt.
7           Again, a defendant is presumed to be innocent, and the
8    government bears the burden of proving him guilty beyond a
9    reasonable doubt.  If, after fair and impartial consideration
10   of all of the evidence, you have a reasonable doubt as to a
11   defendant's guilt, it is your duty to acquit him.  On the other
12   hand, if after fair and impartial consideration of all the
13   evidence, you are satisfied beyond a reasonable doubt as to his
14   guilt, you should vote to convict him.
15          Like all defendants, the defendants in this case have
16   a constitutional right not to testify.  No inference of guilt,
17   or of anything else, may be drawn from the fact that a
18   defendant did not testify, nor may the fact that he did not
19   testify be discussed or be considered by you in any way in
20   arriving at your verdict.
21          Your verdict must be based solely on evidence.  It
22   would be improper for you to base your verdict on anything that
23   is not evidence.
24          You may not base your verdict on any personal
25   feelings, prejudices, or sympathies you may have about either

1  defendant or about the nature of the crimes with which they are
2  charged.
3       You may not consider or be influenced by any possible
4  punishment that may be imposed on a defendant.
5       Again, your verdict must be based solely on the
6  evidence and according to the law.
7       The evidence in this case consists of the sworn
8  testimony of witnesses, both on direct and cross-examination;
9  the exhibits that have been received into evidence; and any
03:02 10  facts to which the parties have agreed or stipulated.  You
11  should consider all of the evidence, no matter what form it
12  takes, and no matter which party introduced it.
13       Whether the government has sustained its burden of
14  proof does not depend upon the number of witnesses it has
15  called or upon the number of exhibits it has offered, but
16  instead the nature and quality of the evidence presented.
17       Certain things are not evidence.
18       (1)  Arguments and statements by layers are not
19  evidence.  The lawyers are not witnesses.  What they said in
03:02 20  the opening statements, or what they will say in their closing
21  arguments, and at other times is intended to help you interpret
22  the evidence but it is not evidence.  If the facts as you
23  remember them from the evidence differ from the way the lawyers
24  have stated them, your memory of the facts should control.
25       (2)  Questions by lawyers standing alone are not

1  evidence.  Again, the lawyers are not witnesses.  The question
2  and the answer taken together are the evidence.
3          (3)  Objections by lawyers are not evidence.  Lawyers
4  have a duty to their clients to object when they believe a
5  question or an exhibit is improper under the rules of evidence.
6  You should not be influenced by any objection or by my ruling
7  on it, and you should not speculate or guess about what the
8  answer might have been or what an exhibit might have said.
9          (4)  Anything that I have struck or instructed you to
03:03 10  disregard is not evidence.
11          (5)  The indictment is not evidence.
12          (6)  Anything you may have seen or heard when court
13  was not in session is not evidence.  You must decide the case
14  solely on the evidence received at trial.
15          Evidence may take the form of either "direct evidence"
16  or "circumstantial evidence."  "Direct evidence" is direct
17  proof of a fact, such as testimony from an eyewitness that the
18  witness saw something.  "Circumstantial evidence" is indirect
19  evidence; that is, proof of a fact (or facts) from which you
03:04 20  could draw a reasonable inference that another fact exists,
21  even though it has not been proved directly.
22          A quick example.  I see my kids with their hand in the
23  cookie jar.  That is direct evidence that they are about to
24  take and eat a cookie.  If I see them later, I have not seen
25  them anywhere near the cookie jar, but I see their face covered

```
 1   in chocolate and all the cookies are missing, that is
 2   circumstantial evidence that they did the same thing.
 3           You are entitled to consider both direct and
 4   circumstantial evidence.  The law permits you to give equal
 5   weight to both.  It is for you to decide how much weight to
 6   give to any particular piece of evidence, whether direct or
 7   circumstantial.
 8           Although you may consider only the evidence presented
 9   in the case, you are not limited to the plain statements made
10   by witnesses or contained in the documents.  In other words,
11   you are not limited solely to what you saw and heard as the
12   witnesses testified.
13           You are permitted to draw reasonable inferences from
14   the facts, if you believe those inferences are justified in
15   light of common sense and personal experience.  An inference is
16   simply a deduction or conclusion that may be drawn from the
17   facts that have been established.  Any inferences you draw must
18   be reasonable, and based on the facts as you find them.
19   Inferences may not be based on speculation or conjecture.
20           A particular item of evidence was sometimes received
21   for a limited purpose only.  That is -- and I instructed you --
22   it can be used by you only for one particular purpose, and not
23   for any other purpose.  I told you when that occurred and
24   instructed you on the purposes for which the item can and
25   cannot be used.
```

1               You do not have to accept the testimony of any witness
2     if you find that the witness is not credible.  You must decide
3     which witnesses to believe, considering all the evidence and
4     drawing upon your common sense and personal experience.  You
5     may believe all of the testimony of a witness, or some of it,
6     or none of it.  You alone are the judges of the witnesses's
7     credibility.
8               In deciding whether to believe the testimony of the
9     witnesses, you may want to take into consideration such facts
10    as their conduct and demeanor while testifying; any apparent
11    fairness or unfairness they may have displayed; any interest
12    they may have in the outcome of the case; any prejudice or bias
13    they may have shown; their opportunities for seeing and knowing
14    the things about which they have testified; the reasonableness
15    or unreasonableness of the events that they have related to you
16    in their testimony; and any other evidence that tends to
17    support or contradict their versions of the events.
18              The testimony of a witness may be discredited or
19    impeached by showing that he or she made statements that are
20    inconsistent with his or her present testimony.  If a witness
21    made inconsistent statements about any significant matter, you
22    have the right to distrust the testimony of that witness in
23    other respects.  You may reject all of the testimony of that
24    witness or give it such credibility as you may think it
25    deserves.

1        Sometimes, of course, people make innocent mistakes,
2   particularly as to unimportant details; not every contradiction
3   or inconsistency is necessarily important.  Again, you alone
4   are the judges of the witnesses' credibility.
5        You have heard the testimony of witnesses who
6   testified under grants of immunity, and you've seen their
7   immunity agreements.
8        "Immunity" means that a witness's testimony may not be
9   used against him or her in any later criminal proceeding.
10  However, if the witness testifies untruthfully, he or she could
11  be prosecuted for perjury or making a false statement, even
12  though he or she was testifying under a grant of immunity.
13       Some people in this position are entirely truthful
14  when testifying.  Still, you should consider the testimony of
15  immunized witnesses with particular care and caution.  They may
16  have had reason to make up stories or exaggerate what others
17  did because they wanted to help themselves.  You must determine
18  whether the testimony of such a witness has been affected by
19  any interest in the outcome of this case, any prejudice for or
20  against the defendants, or by any of the benefits he or she has
21  received from the government as a result of being immunized
22  from prosecution.
23       As with any witness, it is for you to decide whether
24  to accept the testimony of any witness, and what weight, if
25  any, to give that testimony.

1        As I indicated at the beginning of the trial, you have
2   been permitted to take notes, but some cautions apply.  You
3   should bear in mind that not everything that is written down is
4   necessarily what was said.  When you return to the jury room to
5   discuss the case, do not assume simply because something
6   appears in somebody's notes that it necessarily took place in
7   court.  Notes are an aid to recollection, nothing more; the
8   fact that something is written down does not mean that it is
9   necessarily accurate.
10       The numbers assigned to the exhibits are for
11  convenience and in order to ensure an orderly procedure.  You
12  should draw no inference from a fact that a particular exhibit
13  was assigned a particular number, or that there may be gaps in
14  the number sequence.
15       This case, like many criminal cases, began with an
16  indictment.  You will have -- well, the indictment is not
17  evidence or proof of guilt.  The indictment is simply an
18  accusation.  It is the means by which defendants are charged
19  with crimes and brought before this court.
20       An indictment may allege more than one charge against
21  more than one defendant.  When it does, the different charges
22  are stated separately in what we call counts.  The indictment
23  in this case has fourteen counts.
24       The defendants are not on trial for any act or any
25  conduct not specifically charged in the indictment.

1          There are two defendants on trial before you.  You
2   must, as a matter of law, consider each count of the indictment
3   and each defendant's involvement in that count separately, and
4   you must return a separate verdict on each defendant for each
5   count in which he is charged.  In reaching your verdict, bear
6   in mind that guilt is personal and individual.  Your verdict of
7   guilty or not guilty must be based solely upon the evidence
8   about each defendant.  The case against each defendant, on each
9   count, stands or falls upon the proof or lack of proof against
10  that defendant alone, and your verdict as to any defendant on
11  any count should not control your decision as to the other
12  defendant.
13         Similarly, the defendants are charged in multiple
14  counts of the indictment.  You must consider each count
15  separately, and you must return a separate verdict as to each
16  count.  Your verdict as to each count must be determined solely
17  on the evidence, or lack of evidence, presented against each
18  defendant on that count.
19         Finally, your verdict must be unanimous in order to
20  convict either defendant as to any count.  In other words, all
21  of you must agree that a defendant is guilty as to a particular
22  count in order to convict that defendant as to that count.
23         And that concludes the portion of the instructions
24  that you're going to hear today.  The parties are allowed an
25  opportunity to comment on my instructions.

                    Does anybody want to be heard on what I've said so
far?
          MS. BLOOM:  No, Your Honor.
          MR. PINEAULT:  No, Your Honor.
          MS. KEARNEY:  No, Your Honor.
          THE COURT:  Okay.  So that is it for the day.  You are
at a place in the case where it is critically, critically
important that you keep an open mind until you're all together
deliberating in that jury room together.  It's important that
none of you start to set your views in stone until you hear my
instructions, you hear their closings arguments and you hear
what your fellow jurors have to say.  I know it gets
increasingly tempting as you hear more and more of the evidence
to let your views solidify, but you must keep an open mind and
not make any conclusions before everything has been presented
to you, which is now the instructions and the closing
arguments.
          Again, don't talk to anybody about the case.  You know
a lot about the evidence in this case, and you may be even more
susceptible than at earlier parts of the case to have other
people's opinions of what you've heard have an impact on you.
That must also be avoided.  You now know what the evidence is,
and maybe there's that one burning question that you wish
someone had answered but they haven't, and to the extent that
you are particularly tempted now to go look up that fact, you

1  must not.

2         As I've told you in these instructions, your verdict
3  has to be based just on the evidence in this case, and you
4  don't want to pollute that presentation of the evidence by
5  letting extraneous things come in.  So in the next couple of
6  days the case will be yours.  You won't have to keep an open
7  mind.  You will be free to discuss it with each other and
8  shortly other people if you want to.  But for the time being,
9  please, please, please adhere to my instructions.  They are
10 very important.  And I will see you all at 10:00 tomorrow
11 morning for closing arguments.
12 (Jury exits, 3:11 p.m.)

CERTIFICATE OF OFFICIAL REPORTER

   I, Kelly Mortellite, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

   Dated this 20th day of July, 2016.

   /s/ Kelly Mortellite

   _____

   Kelly Mortellite, RMR, CRR

   Official Court Reporter